**SO ORDERED.**

**SIGNED this 26 day of April, 2007.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

PUBLISHED

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM L. HOWELL, | ) | Case No. 06-11652 |
| DONNA L. HOWELL, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |

### MEMORANDUM OPINION

This case comes on for confirmation of the debtors' amended Chapter 13 plan.[1] Under that plan, the debtors propose to dedicate their projected disposable income to the payment of their unsecured creditors for a period of 36 months. The trustee objects that the debtors are not devoting all of their projected disposable income to payment of unsecured creditors as required by 11 U.S.C.

---

[1] Dkt. 19.

§ 1325(b)(1)(B).[2] Specifically, the trustee contends that debtors' projected disposable income is too low as a result of the debtors' deduction from current monthly income of vehicle "ownership expense" even though the subject vehicle is unencumbered and fully paid.[3] The parties have submitted stipulated facts[4] and letters of authority.[5] After carefully reviewing the precedents in this matter, the Court is ready to rule.

Jurisdiction

Confirmation of a chapter 13 plan is a core proceeding over which the Court has subject matter jurisdiction.[6]

Facts

The relevant facts are stipulated. Debtors filed their chapter 13 petition on September 1, 2006. Debtors' completed Form B22C[7] indicates that debtors' current monthly income (annualized) is higher than the median family income for a household size of two in the State of Kansas.[8] The debtors' plan provides for monthly payments of $700 for 36 months. The debtors' scheduled unsecured debts total $23,107.

The debtors own two vehicles. One vehicle is secured by a lien. The other vehicle, a 1988

---

[2] Dkt. 23.

[3] Dkt. 18.

[4] Dkt. 28.

[5] Dkt. 22 and 31.

[6] 28 U.S.C. § 157(b)(1) and (b)(2)(L) and § 1334(b).

[7] Dkt. 2, Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income.

[8] Dkt. 2, lines 15-17.

2

Chevrolet Blazer, is owned free and clear of liens. On Form B22C, they claim the IRS local standard vehicle operating allowance on Line 27 as well as the IRS local standard ownership allowance on Line 28 for their unencumbered 1988 Chevrolet Blazer, an amount of $471.[9] The trustee objects to the latter allowance and argues that the debtors' disposable income should be higher by $271 a month. The trustee acknowledges that debtor may deduct $200 on line 27 as additional operating expense due to the age of the Blazer.[10]

As completed by debtors, Form B22C shows their total deductions exceed their current monthly income, leaving no monthly disposable income under 11 U.S.C. § 1325(b)(2) and resulting in no payments to their unsecured creditors.[11] If, however, the total deductions are reduced by $271 (disallowing the vehicle ownership expense for the Blazer as the trustee contends), debtors would have disposable income in an amount of $206 per month, resulting in payments to their unsecured creditors.[12] The parties stipulate that all other requirements for confirmation under 11 U.S.C. § 1325(a) are satisfied and that only the disposable income calculation (*i.e.* the car ownership allowance) is in dispute.

Analysis

---

[9] Dkt. 2.

[10] An additional operating expenses of $200 is allowed for a vehicle which is over 6 years old and/or has reported mileage of 75,000 miles or more. *See* Internal Revenue Manual, Financial Analysis Handbook, § 5.8.5.5.2 (3) found at http://www.irs.gov/irm/part5/ch08s05.html.

[11] Dkt. 2, line 58.

[12] On Dkt. 2, total deductions on line 56 would be reduced from $4,495.17 to $4,224.17. The current monthly income (line 53, $4,430) less the total deductions and adjustments (line 56 and 57, $4,224.17) would result in monthly disposable income of $205.83 on line 58, instead of zero.

3

Whether the debtors may legitimately claim this deduction (car ownership expense) from current monthly income has been the subject of a number of reported cases decided under BAPCPA[13] and is unsettled in the law.  Under § 1325(b)(1)(B), chapter 13 debtors who have income above the local median income must devote all of their projected disposable income to paying their unsecured creditors during the applicable commitment period.  Section 1325(b)(2) says "disposable income" " means current monthly income received by the debtor" less various "amounts reasonably necessary to be expended" to support the debtor or debtor's dependents.  Section 1325(b)(3) provides that "amounts reasonably necessary to be expended" are to be determined in accordance with § 707(b)(2)(A) and (B), the sections that define what is to be deducted from current monthly income to apply the chapter 7 "means test."

Section 707(b)(2)(A)(ii)(I), in turn, provides that the debtor's monthly expenses –

shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides . . . .

The National Standards and Local Standards refer to the Internal Revenue Service's guidelines for collection of delinquent taxes and, specifically, the allowances revenue agents may consider in assessing delinquent taxpayers' financial condition and the collection potential in determining whether to accept their offers in compromise.  A description of the transportation expenses allowed is found in the Internal Revenue Manual, Financial Analysis Handbook at § 5.8.5.5.2 (the "Manual").[14]  It provides that each taxpayer is entitled to an operating expense

---

[13] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. § 101 *et seq.* (2005), enacted April 20, 2005 and generally effective October 17, 2005.

[14] This section of the Manual can be found at http://www.irs.gov/irm/part5/ch08s05.html.

allowance based upon the lower of the local transportation standard (adjusted for certain geographical areas) or the taxpayers actual expense. The transportation operating expense allowance is the deduction described on line 27 of Form B22C. The taxpayer is also allowed certain ownership expense for the purchase and/or lease of a vehicle, again at the lower amount of what is actually paid or a certain local standard (for the applicable geographic region).[15] The transportation ownership expense allowance is the deduction described on line 28 of Form B22C. The Manual disallows the ownership expense "after the terms of the loan/lease have been satisfied," but provides for an additional operating allowance of $200 per month where the paid-for vehicle is over six years old and/or has over 75,000 recorded miles.[16]

Form B22C, line 28, calls for the application of the Local Ownership Standards which provide for an ownership allowance of $471 for the debtor's first vehicle. This figure is derived from the tables for the IRS Local Transportation Expense Standards for the Midwest Region (which encompasses Kansas) for cases filed between February 13, 2006 and September 30, 2006 and is accessible from the United States Trustee Program's website.[17] Form B22C further permits the debtor to deduct the average monthly payment on that vehicle from the standard allowance and if the remainder is a positive number, that net amount is the line 28 ownership expense for the purpose

---

[15] Internal Revenue Manual, Financial Analysis Handbook, § 5.8.5.5.2 (2) and (3).

[16] *See* note 10, *supra*. The Manual notes that this additional operating expense for older vehicles is allowed to offset "the complete disallowance of the ownership expense [that] may result in a transportation expense allowance that does not adequately meet the necessary expenses of the taxpayer." § 5.8.5.5.2 (3). *See also,* Internal Revenue Manual, Financial Analysis Handbook, § 5.15.1.7 (4.B.) which states: "If a taxpayer has no car payment only the operating costs portion of the transportation standard is used to figure the allowable transportation expense." This section can be found at http://www.irs.gov/irm/part5/ch15s01.html.

[17]http://www.usdoj.gov/ust/eo/bapcpa/20060213/bci_data/IRS_Trans_Exp_Stds_MW.html.

5

of determining disposable income. Neither § 707(b)(2)(A)(ii)(I) nor Form B22C's instructions offer specific guidance on whether debtors may take a full ownership deduction for a vehicle that is unencumbered.

While several bankruptcy courts have concluded that a debtor may deduct the entire standard transportation ownership allowance even where the vehicle is no longer encumbered,[18] a like number of bankruptcy courts hold that, as the Manual suggests, the ownership allowance is not available where the debtor has paid for the vehicle.[19] In this Court's view, the latter courts have the better side of this argument. Accordingly, the Court respectfully disagrees with my colleagues who differentiate between the language "applicable" monthly expenses and the "actual Other Necessary Expenses" referenced in § 707(b)(2)(A)(ii)(I). Indeed, by employing the word "applicable," defined

---

[18] *See e.g. In re Hartwick*, 352 B.R. 867 (Bankr. D. Minn. 2006); *In re Fowler*, 349 B.R. 414 (Bankr. D. Del. 2006); *In re Grunert*, 353 B.R. 591 (Bankr. E. D. Wis. 2006) (chapter 13); *In re Haley*, 354 B.R. 340 (Bankr. D. N.H. 2006) (chapter 13); *In re Zak*, __B.R.__, 2007 WL 143065 (Bankr. N.D. Ohio 2007); *In re Miller*, __B.R.__, 2007 WL 128790 (Bankr. N.D. Ala. 2007) (chapter 13). It is worth noting that some of these cases were in the context of a motion to dismiss a chapter 7 case for presumption of abuse, and not in the context of an objection to confirmation of a chapter 13 plan. The *Zak* court pointed out this distinction: "Although the means test is the same, the purpose and outcome of an objection to confirmation differs markedly from that of a motion to dismiss a chapter 7 case based on a presumption of abuse." 2007 WL 143065 at *5. For example, the *Zak* court noted that in a chapter 13 the debtor had the ability to seek an adjustment of his plan payments to account for the need to purchase a new car during the life of the plan while a bankruptcy court could not consider this in determining a motion to dismiss a chapter 7 case. *Id.* at *6. The *Hartwick, Fowler,* and *Zak* cases are all chapter 7 cases and their holdings may be limited to determining the presumption of abuse as *Zak* suggests. *Id.* at *7.

[19] Among the cases so holding are *In re McGuire*, 342 B.R. 608 (Bankr. W.D. Mo. 2006) (chapter 13); *In re Hardacre*, 338 B.R. 718 (Bankr. N.D. Tex. 2006) (chapter 13); *In re Barraza*, 346 B.R. 724 (Bankr. N.D. Tex. 2006) (chapter 7); *In re Carlin*, 348 B.R. 795 (Bankr. D. Ore. 2006) (chapter 13); *In re Oliver*, 350 B.R. 294 (Bankr. W.D. Tex. 2006) (chapter 7); *In re Harris*, 353 B.R. 304 (Bankr. E.D. Okla. 2006) (chapter 7); *In re Slusher*, 359 B.R. 290 (Bankr. D. Nev. 2007) (chapter 13); *In re Ceasar*, __B.R.__, 2007 WL 777821 (Bankr. W.D. La. 2007) (chapter 13).

by Webster's Dictionary as "being capable of being applied" or "readily applicable or practical," the drafters of § 707 suggest that the Standards must be interpreted in the context of the Manual's application of them, not in a vacuum.[20] As stated in *In re McGuire*:

> . . . the statute provides that a "debtor's monthly expenses shall be the debtor's *applicable* monthly expense amounts" under the Standards. If a debtor does not own or lease a vehicle, the ownership expense is not "applicable" to that debtor. Thus, if a debtor is not incurring expenses for the purchase or lease of a vehicle, the debtor cannot claim a vehicle ownership expense under the IRS Standards. This conforms with the IRS's application of the Standards.[21]

Section § 707(b) states that the amounts "specified" under the IRS Standards may be deducted from current monthly income to yield the debtor's disposable income amount. This essentially reads into the Code not only the actual numbers contained in the IRS Standards, but also the Manual's context for their application. In effect, Congress has preferred, and codified, the Internal Revenue Service's judgment of what is "reasonably necessary." It is unlikely that Congress intended the statute to merely import the numbers without their attendant meaning and context. Even though the statute is unambiguous in its importing of the IRS standard allowances, the Court comments that denying debtors the ownership allowance when they have no ownership expense (*i.e.* loan or lease payments) is entirely consistent with one of the apparent objectives of BAPCPA: to ensure that debtors actually pay what they are capable of paying to unsecured creditors. Allowing debtors to deduct from their disposable income a fictional ownership allowance would give debtors with unencumbered vehicles a windfall at the expense of their unsecured creditors. Presumably this is the theory behind the Manual's denial of the ownership allowance in this situation.

---

[20] *See In re Carlin*, *supra* at 798.

[21] 342 B.R. at 613.

In the present matter, the trustee, as did the *McGuire* court, notes that the Manual also provides for taxpayers who own older, well-used unencumbered vehicles to be given a $200 monthly allowance to "adequately meet the necessary expenses of the taxpayer."[22] This allowance is described in the Manual as "an additional operating expense."[23] It may be intended to recognize the further depreciation of the paid-for vehicle by allowing the taxpayer to provide for its replacement or simply that older vehicles may cost more to maintain and operate than new ones. In any event, this Court is inclined to recognize the additional $200 allowance in cases where the facts warrant it. The vehicle in question here is nearly nine years old. Accordingly, the debtors may recognize on line 27 an additional operating expense of $200 consistent with the Manual's guidance. The trustee indicates that she is willing to countenance such an allowance, but that a modification to the term of the plan, whether via an amendment or an agreed confirmation order, will be necessary.

The end result here is that debtors will be allowed an operating expense of $558 on line 27 and no ownership expense on line 28.[24] This will leave debtors with $271 less total deductions, or $4,224.17, and monthly disposable income of $205.83 for payment to unsecured creditors.[25]

Conclusion

Accordingly, the trustee's objection to confirmation is SUSTAINED and confirmation is TEMPORARILY DENIED. Debtors are granted 20 days in which to amend their Form B22C in

---

[22] Manual, § 5.8.5.5.2 (3).

[23] *Id.*

[24] The line 27 deduction is comprised of the operating standard for the Midwest Region for two cars – $358, plus the additional operating allowance of $200 for the 1988 Blazer. No ownership expense will be allowed for the 1988 Blazer on line 28.

[25] Current monthly income of $4,430 (line 53) minus total deductions of $4,224.17 (line 57), equals monthly disposable income of $205.83 (line 58).

8

conformity with this Opinion and to provide for such modifications to their plan as are necessary to pay an additional $206 per month in disposable income to their unsecured creditors.

# # #